EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* José BELTRÁN ORTIZ, acusado y apelante.

Núm. 6756.—*Resuelto:* Mayo 4, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En este caso se ha presentado por el acusado apelante una moción en solicitud de que esta corte "dicte una resolución disponiendo que por el tribunal inferior se le conceda al taquígrafo un término amplio y suficiente, pero perentorio e improrrogable para que éste prepare y radique la transcripción de evidencia en el presente caso, extendiendo hasta quince días después de esa fecha la suspensión que para la tramitación del recurso se ha concedido al acusado, de forma que la transcripción pueda ser examinada por las partes y elevada a esta Hon. Corte."

 Se trata de una apelación interpuesta contra una sentencia dictada en enero 14 de 1937 condenando al apelante como autor de un delito de portar armas prohibidas a tres meses de cárcel. La acusación se formuló en abril 8, 1936, y el hecho imputado se cometió en enero 17, 1936. De suerte que hace más de un año y tres meses que este apelante fué condenado por una corte de distrito por un delito cometido hace más de dos años y el recurso que entablara contra la sentencia aún se encuentra en tramitación en la corte sentenciadora. Las fechas anotadas ponen de manifiesto que existe algo impropio en el procedimiento. La debida administración de la justicia pugna con dilación semejante.

Hace meses nos vimos obligados a estudiar este mismo caso y a emitir una larga opinión a los efectos de considerar y resolver algunas cuestiones surgidas con motivo de una petición del acusado para que se le concediera el beneficio de pobreza. 52 D.P.R. 555. Entonces—enero 28, 1938 —decidimos que el juez de distrito debía oír al apelante sobre la cuestión y en su consecuencia se suspendió la tramitación del recurso hasta marzo 31, 1938.

En marzo 4, 1938, el apelante informó a esta Corte Suprema que la de distrito le había finalmente concedido el beneficio de pobreza pero que se negaba a ordenar al taquí-

grafo que diera preferencia a la transcripción del récord, por lo que pedía una extensión del término. Y esta corte en ·efecto lo extendió hasta abril 30, 1938. Y es ahora, un día antes de vencerse dicho término, que se presenta la nueva moción que estamos considerando a los efectos de su debida resolución.

Estudiando cuidadosamente los autos se llega fácilmente a la conclusión de que de haber adoptado el apelante una actitud razonable, con menos energía de la que ha gastado en incidentes y en tiempo muy breve, hubiera podido preparar una exposición del caso a los efectos de someter su apelación, garantizados todos sus derechos.

Dice la sentencia recurrida:

"La vista de esta causa tuvo lugar el día 8 de diciembre de 1936. Las partes estipularon someter el caso por la prueba practicada en el número 2410 seguido por El Pueblo contra el acusado, por asesinato; y el acusado obtuvo término para radicar memorándum, lo que no hizo, por lo que la corte fijó el 11 de enero, 1937, para dictar sentencia; y ésta se pospuso para hoy 14 de enero, 1937.

"Al comparecer el acusado el día 11 alegó que él portaba el arma pero que tal portación fué incidentalmente y que tenía derecho a hacer uso de su revólver porque él sorprendió a un individuo en el interior de su establecimiento comercial y al salir del mismo, ya en la calle, el acusado le hizo varios disparos de revólver. El acusado admite, pues, que él persiguió a la víctima luego de haber salido ésta del establecimiento, y que ya en la calle le acometió. Resulta de la teoría del acusado que él es culpable del delito que se le imputa. El acusado tenía derecho a portar un arma dentro de su establecimiento, pero a lo que no tenía derecho era a portarla y usarla fuera de su establecimiento y en la vía pública, mientras huía el perseguido.

"La corte dicta sentencia declarando a José Beltrán Ortiz culpable del delito de portar armas prohibidas y condenándole a sufrir la pena de tres meses de cárcel. Y se dispone. . . ."

Revela que la transcripción taquigráfica que se solicita es la de la causa de asesinato seguida contra el mismo apelante por cuya prueba se sometió ésta de portar armas. No sabemos la suerte que corriera el asesinato. Lo que sabemos es que para el caso de portar armas se insiste en obtener del

taquígrafo gratis a virtud de la declaración de pobreza todo el récord del caso de asesinato.

Seguramente se trata de una transcripción voluminosa, gran parte de la cual debe ser inmaterial a los efectos de este recurso. Y nada indica que el apelante se hubiera comunicado con el taquígrafo a fin de que el tiempo que dedique al trabajo sea el verdaderamente necesario. Al contrario, dada la actitud asumida por las partes, bien puede asumirse que tal comunicación no ha existido.

Pero algo más revela la sentencia. Ella misma está diciendo que se trata de una cuestión que bien con la ayuda de algunas notas taquigráficas, ya a virtud de las de las mismas partes, pudo narrarse en una exposición aprobada por el juez de no más de algunas páginas. Y eso no se hizo, ni se ha demostrado que no fuera factible. Ni siquiera consta que se hubiera intentado realizar.

La ley de pobreza no puede ser más justa. Garantiza a un acusado pobre que en verdad no puede satisfacer los gastos de una apelación, obtener el beneficio de ella sin satisfacer dichos gastos. A su servicio se ponen todos los funcionarios de la corte. Pero eso no quiere decir que al amparo de una justa ley, se obtenga carta blanca para exigir más de lo que realmente se necesita.

No estando convencidos de que esté justificada la paralización de la tramitación del recurso por más tiempo, *la moción del apelante debe declararse sin lugar y el recurso continuarse tramitando hasta ser resuelto de acuerdo con la ley.*